UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN FELIX,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Respondent. | 1:10-cv-00723-SMS-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 5, 2010 (doc. 3).  Pending before the Court is the petition, which was filed on April 26, 2010.

　　I.　Screening the Petition

　　Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

1  a preliminary review of each petition for writ of habeas corpus.
2  The Court must summarily dismiss a petition "[i]f it plainly
3  appears from the petition and any attached exhibits that the
4  petitioner is not entitled to relief in the district court...."
5  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
6  1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
7  1990).

8      The Court may dismiss a petition for writ of habeas corpus
9  either on its own motion under Rule 4, pursuant to the
10 respondent's motion to dismiss, or after an answer to the
11 petition has been filed.  Advisory Committee Notes to Habeas Rule
12 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
13 (9th Cir. 2001).  A petition for habeas corpus should not be
14 dismissed without leave to amend unless it appears that no
15 tenable claim for relief can be pleaded were such leave granted.
16 Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

17     II.  Petitioner's Failure to Name a Proper Respondent

18     In this case, Petitioner named as Respondent the California
19 Department of Corrections and Rehabilitation (CDCR).  Petitioner
20 is incarcerated at the Avenal State Prison (ASP) located in
21 Avenal, California.  The warden at that facility is James D.
22 Hartley.

23     A petitioner seeking habeas corpus relief under 28 U.S.C.
24 § 2254 must name the state officer having custody of him as the
25 respondent to the petition.  Habeas Rule 2(a); Ortiz-Sandoval v.
26 Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California
27 Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the
28 person having custody of an incarcerated petitioner is the warden

2

of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360.

However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004). In the interest of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

    III.  Order Granting Leave to File a Motion to Amend the Petition

Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent. Failure to amend the petition and state a proper respondent will result in a

3

1  recommendation that the petition be dismissed for lack of
2  jurisdiction.
3
4  IT IS SO ORDERED.
5  **Dated:   January 18, 2011**               /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE