1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN FELIX, | ) 1:10-cv—00723-OWW-SMS-HC |
| | ) |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS TO |
| | ) GRANT RESPONDENT'S MOTION TO |
| | ) DISMISS, DISMISS THE PETITION |
| v. | ) WITHOUT LEAVE TO AMEND, DECLINE |
| | ) TO ISSUE A CERTIFICATE OF |
| JAMES D. HARTLEY, | ) APPEALABILITY, AND DIRECT THE |
| | ) CLERK TO CLOSE THE CASE |
| Respondent. | ) (DOCS. 14, 1) |
| | ) |
| _____ | ) **OBJECTIONS DEADLINE:** |
| | **THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Respondent's motion to dismiss the petition, which was filed and served by mail on Petitioner on March 29, 2011. No opposition to the motion was filed.

I. <u>Proceeding by a Motion to Dismiss</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. <u>Lindh v.</u>

1  <u>Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d
2  1484, 1499 (9th Cir. 1997).

3      A district court may entertain a petition for a writ of
4  habeas corpus by a person in custody pursuant to the judgment of
5  a state court only on the ground that the custody is in violation
6  of the Constitution, laws, or treaties of the United States.  28
7  U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362,
8  375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, –, 131 S.Ct. 13,
9  16 (2010) (per curiam).

10     Rule 4 of the Rules Governing Section 2254 Cases in the
11 District Courts (Habeas Rules) allows a district court to dismiss
12 a petition if it "plainly appears from the face of the petition
13 and any exhibits annexed to it that the petitioner is not
14 entitled to relief in the district court...."

15     The Ninth Circuit has allowed respondents to file motions to
16 dismiss pursuant to Rule 4 instead of answers if the motion to
17 dismiss attacks the pleadings by claiming that the petitioner has
18 failed to exhaust state remedies or has violated the state's
19 procedural rules.  <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418,
20 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss
21 a petition for failure to exhaust state remedies); <u>White v.
22 Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to
23 review a motion to dismiss for state procedural default); <u>Hillery
24 v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same).
25 Thus, a respondent may file a motion to dismiss after the Court
26 orders the respondent to respond, and the Court should use Rule 4
27 standards to review a motion to dismiss filed before a formal
28 answer.  <u>See</u>, <u>Hillery</u>, 533 F. Supp. at 1194 & n.12.

1   In this case, upon being directed to respond to the petition

2   by way of answer or motion, Respondent filed the motion to

3   dismiss.  The material facts pertinent to the motion are to be

4   found in the pleadings and in copies of the official records of

5   state parole and judicial proceedings which have been provided by

6   the parties, and as to which there is no factual dispute.

7   Because Respondent's motion to dismiss is similar in procedural

8   standing to motions to dismiss on procedural grounds, the Court

9   will review Respondent's motion to dismiss pursuant to its

10  authority under Rule 4.

11      II.   Background

12      Petitioner alleged that he was an inmate of the Avenal State

13  Prison at Avenal, California, serving a sentence for a conviction

14  suffered in 2008. (Pet. 1.)

15      Petitioner was accused of having committed the disciplinary

16  violation of undue familiarity with staff in violation of Cal.

17  Code Regs., tit. 15, § 3400.  Petitioner admitted during the

18  investigation that he was involved in an overly familiar

19  relationship, and he pled guilty at the disciplinary hearing.

20  After Petitioner was found guilty of having committed the

21  violation, Petitioner appealed on the ground that wrong code

22  section had been used.  The disciplinary authorities amended the

23  finding to reflect a violation of § 3005(a) instead of § 3400

24  because the latter applied to misconduct by staff, whereas § 3005

25  applied to the conduct of inmates.

26      Petitioner argues that he suffered a violation of due

27  process of law when the disciplinary authorities failed to re-

28  issue the charge and permit Petitioner to defend himself because

3

the new violation was not the same as the previous violation.
Petitioner alleges that he would not have pled guilty to a
violation of § 3005(a).  (Pet. 5.)  Petitioner alleges that he
was deprived of notice of the elements of the violation and all
the procedural due process prescribed by pertinent state
regulations.  Further, he contends that the amended charge was
more severe.

Petitioner further argues that there was no evidence to find
him guilty of violating § 3005(a).  He also contends that state
court decisions upholding the disciplinary finding involved
unreasonable determinations of fact.  He seeks a new hearing,
dismissal of the finding, and its expungement from the file.
(Pet. 5-6, 8.)

Documentation of the disciplinary proceedings reflects that
in the course of an investigation, Petitioner admitted in an
interview with a correctional agent on May 12, 2008, that he was
involved in an overly familiar relationship.  (Mot., Ex. 1, doc.
14-1, 14.)  The reporting employee stated that evidence of the
relationship was discovered, and that Petitioner admitted being
involved in the relationship.  (Id. at 15.)  Petitioner was
assigned an investigative employee on June 18, 2008, but
Petitioner did not request any witnesses and declined to make a
statement.  (Id.)

Petitioner personally appeared at a disciplinary hearing
held before a Senior Hearing Officer (SHO) on June 20, 2008, and
confirmed that he had received all pertinent documentation at
least twenty-four hours before the hearing and was ready to
proceed.  (Id. at 14-15.)  Petitioner elected to plead guilty to

the violation but declined to make a statement.  (Id. at 16.)
The SHO found Petitioner guilty of violating Cal. Code Regs.,
tit. 15, § 3400, because the violation was established by the
preponderance of the evidence based on the investigation,
Petitioner's admission in the interview and failure to make any
statement in his defense, and Petitioner's credible guilty plea.
(Id. at 16-17.)  Petitioner forfeited thirty (30) days of
behavior/work credit consistent with the schedule provided in
Cal. Code Regs., tit. 15, § 3323 for a Division "F" offense.
(Id. at 14, 17.)

     Petitioner appealed on the ground that the specific rule
that Petitioner was accused of violating was incorrect.  At the
second level of administrative appeal, the inmate appeals
coordinator and warden agreed that the governing administrative
code section was Cal. Code Regs., tit. 15, § 3005(a); however,
because Petitioner had admitted to having an overly familiar
relationship, the charge would not be dismissed.  (Id. at 23-24.)
A director's level appeal decision in January 2009 concluded that
although Petitioner received all procedural due process in
connection with the accusation and hearing, the wrong rule
violation was cited.  However, it was concluded that the error
did not hinder Petitioner from preparing a defense to the charge
and did not warrant dismissal of the charge.  A modification was
initiated to correct the designated administrative violation.
(Mot., Ex. 1, doc. 14-1, 23-24.)  On August 15, 2008,
Petitioner's appeal was granted in part because the Chief
Disciplinary Officer changed the designated rule that was
violated to reflect conduct in violation of § 3005(a).  (Id. at

1   20.)

2       On February 13, 2009, the Riverside County Superior Court

3   denied Petitioner's petition for writ of habeas corpus because

4   the facts did not show a denial of due process; Petitioner had

5   admitted the conduct that formed the basis of the disciplinary

6   charge, and there was no evidence that his defense to that

7   alleged conduct would have been different if the allegation had

8   been that his conduct violated § 3005 rather than § 3400. (Pet.

9   21-27.)

10      III.  <u>Due Process Claim</u>

11      Respondent argues that the case should be dismissed for

12  failure to allege facts sufficient to state a due process claim.

13      A.  <u>Legal Standards</u>

14      The process due in a prison disciplinary proceeding

15  includes: 1) written notice of the charges; 2) at least a brief

16  period of time after the notice (no less than twenty-four hours)

17  to prepare for the hearing; 3) a written statement by the fact

18  finders as to the evidence relied on and reasons for the

19  disciplinary action; 4) an opportunity for the inmate to call

20  witnesses and present documentary evidence in his defense when

21  permitting him to do so will not be unduly hazardous to

22  institutional safety or correctional goals; and 5) aid from a

23  fellow inmate or staff member where an illiterate inmate is

24  involved or where the complexity of the issues makes it unlikely

25  that the inmate will be able to collect and present the evidence

26  necessary for an adequate comprehension of the case.  <u>Wolff v.</u>

27  <u>McDonnell</u>, 418 U.S. 539, 564, 566, 570 (1974).

28      Further, where good-time credits are a protected liberty

6

interest, the decision to revoke credits must be supported by

some evidence in the record.  Superintendent v. Hill, 472 U.S.

445, 454 (1985).  The Court in Hill stated:

> We hold that the requirements of due process are
> satisfied if some evidence supports the decision by the
> prison disciplinary board to revoke good time credits.
> This standard is met if "there was some evidence from
> which the conclusion of the administrative tribunal
> could be deduced...." United States ex rel. Vajtauer v.
> Commissioner of Immigration, 273 U.S., at 106, 47
> S.Ct., at 304. Ascertaining whether this standard is
> satisfied does not require examination of the entire
> record, independent assessment of the credibility of
> witnesses, or weighing of the evidence. Instead, the
> relevant question is whether there is any evidence in
> the record that could support the conclusion reached by
> the disciplinary board. See ibid.; United States ex
> rel. Tisi v. Tod, 264 U.S. 131, 133-134, 44 S.Ct. 260,
> 260-261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506
> F.2d 1011, 1018 (CA8 1974).

Superintendent v. Hill, 472 U.S. at 455-56.  The Constitution

does not require that the evidence logically preclude any

conclusion other than the conclusion reached by the disciplinary

board; rather, there need only be some evidence in order to

ensure that there was some basis in fact for the decision.

Superintendent v. Hill, 472 U.S. at 457.

        B.   Adequacy of Notice of the Violation

     Petitioner was charged with violating, and initially found

to have violated, 15 Cal. Code Regs., tit. 15, § 3400, which at

all pertinent times has provided:

> Employees must not engage in undue familiarity
> with inmates, parolees, or the family and friends
> of inmates or parolees.  Whenever there is reason
> for an employee to have personal contact or
> discussions with an inmate or parolee or the family
> and friends of inmates and parolees, the employee
> must maintain a helpful but professional attitude
> and demeanor.  Employees must not discuss their
> personal affairs with any inmate or parolee.

     As Petitioner pointed out in his administrative appeal,

7

§ 3400, which is found in a sub-chapter of the regulations
concerning personnel, primarily concerns the conduct of
employees.

The section that the disciplinary officer substituted for
§ 3400 was Cal. Code Regs., tit. 15, § 3005(a), which at all
pertinent times has provided as follows:

> (a) Inmates and parolees shall obey all laws, regulations,
> and local procedures, and refrain from behavior which
> might lead to violence or disorder, or otherwise
> endangers facility, outside community or another
> person.

Petitioner argues that he did not receive adequate notice of
the charges because he was never apprised that he was being
charged under the more general section relating to inmates.

In Bostic v. Carlson, 884 F.2d 1267, 1270-71 (9th Cir.
1989), an inmate was found to have committed the disciplinary
violation of possession of contraband (stolen sandwiches) and was
assessed a forfeiture of thirty days of credit.  In the incident
report, the violation was described as "stealing."  The prisoner
sought relief under § 2241 for alleged due process violations.
The court stated the following with respect to the adequacy of
the notice given to the prisoner:

> Nor does appellant assert that the officer's
> description of the incident as "stealing" rather than
> as "possession of contraband" in the incident report
> deprived him of the opportunity to present a proper
> defense. The incident report described the factual
> situation that was the basis for the finding of guilt
> of possession of contraband and alerted Bostic that
> he would be charged with possessing something he did
> not own. *Cf. Wolff*, 418 U.S. at 563-64, 94 S.Ct. at
> 2978-79 (stating that "the function of [the] notice
> [of a claimed violation] is to give the charged party
> a chance to marshal the facts in his defense and to
> clarify what the charges are"). The incident report
> adequately performed the functions of notice described
> in *Wolff. See id.*

8

1  <u>Bostic v. Carlson</u>, 884 F.2d at 1270-71.

2      The rules violation report in the present case stated that

3  the date of the violation was June 10, 2008.  It identified

4  § 3400 as the rule violated; in the box on the form labeled

5  "SPECIFIC ACTS," it stated "Familiarity."  (Pet. 14.)  It further

6  stated the following:

7          On March 14, 2008, an investigation was initiated to
           determine the facts of allegations that Felix was
8          engaged in an over-familiar relationship with an
           employee at CVSP.  During the course of the investigation
9          evidence was discovered that proved Inmate Felix was
           in fact involved in an over-familiar relationship.

10
           On May 12, 2008, during the course of an interview with
11         Inmate Felix, B. (H-40257), Felix self admitted being
           involved in an over-familiar relationship.
12
13  (<u>Id.</u>)

14      Thus, the incident report unambiguously described the

15  factual situation that was the basis for the finding of guilt of

16  behavior that might lead to disorder or endanger the facility or

17  another person.  The report clearly alerted Petitioner that he

18  would be charged with engaging in an overly familiar relationship

19  with an employee.  In view of the specificity of the allegations,

20  and considering Petitioner's admission that he was engaged in

21  such a relationship, it is certain that Petitioner had an

22  opportunity to marshal the facts in his defense.  Likewise, he

23  had a chance to clarify what the charges were.  The incident

24  report thus adequately performed the essential functions of

25  notice that were determinative in <u>Bostic</u> and detailed in <u>Wolff.</u>

26      Petitioner emphasizes that the charged violation concerned

27  the conduct of an employee, whereas the violation ultimately

28  found concerned his own conduct.  He asserts that he would not

have pleaded guilty to a charge involving his own conduct.
However, the violation in question concerned a relationship, or
at least conduct between two people.  Thus, it necessarily
involved Petitioner's conduct.  Therefore, it does not appear
that the movement from the particular to the more general charge
could have caused any uncertainty, let alone confusion,
concerning the conduct with which Petitioner was charged.  The
present case is thus analogous to other cases finding no
deficiency of notice, including Foote v. Knowles, No. 2:08-cv-
1029 LKK JFM (PC), 2010 WL 4942583, *1-*3 (E.D.Cal. 2010) (a due
process claim in a civil rights complaint that was construed to
be a habeas petition was properly dismissed where a disciplinary
finding that the inmate committed an admitted battery was
modified during an administrative appeal to a lesser charge of
mutual combat without a rehearing); Jackson v. Daniels, No. CV
06-1477-HU, 2007 WL 1989591, *2-*3 (D. Ore. 2007) (changing the
charge from fighting to wrestling at the disciplinary hearing did
not deprive an inmate of due process of law where the inmate
admitted the wrestling, was given notice of the conduct in
question and the evidence supporting it, and the petitioner did
not explain how his defense to the charges would have been
different had the notice specified "wrestling").

Petitioner has not stated how his defense to the charge
would have been different had the charging allegation been
different.  In view of Petitioner's documented admission of his
participation in an overly familiar relationship, it is difficult
for the Court to envision what defense Petitioner would have
offered.  To the extent that Petitioner asserts that he would not

10

have pled guilty to the appropriate charge, his argument concerns not deprivation of a defense, but rather the nature of his plea to the disciplinary charge.

However, it is established that the stringent requirements for a knowing, intelligent, and voluntary guilty plea in a criminal prosecution have not been extended to less formal proceedings such as prison disciplinary proceedings.  Bostic v. Carlson, 884 F.2d at 1272.

Petitioner argues that the violation of § 3005 was more serious than the originally charged violation.  Respondent has not addressed this argument.

Reference to the pertinent state regulations reflects that insofar as disciplinary offenses are categorized as administrative or serious, the less serious administrative violations exclude situations involving a breach of, or hazard to, facility security.  Cal. Code Regs., tit. 15, § 3314(a)(2)(B).  A violation is categorized as serious if it involves a breach of, or hazard to, facility security.  Cal. Code Regs., tit. 15, § 3315(a)(2)(B).  Neither undue familiarity under § 3400 nor the more general misconduct under § 3005 is specifically listed in either § 3315 or § 3314, but it appears that both violations involve a hazard to facility security when predicated upon undue familiarity with staff.  Thus, both offenses would be considered serious.

With respect to the penalties for the two offenses, neither offense is listed in Cal. Code Regs., tit. 15, § 3323, the disciplinary credit forfeiture schedule.  Petitioner's offense was described only as a Division "F" offense, which merits a

credit forfeiture of up to thirty (30) days.  It appears that
both violations meet the requirements of a Division F offense set
forth in § 3323(h), namely, both constitute serious rule
violations that meet the criteria of § 3315 (concerning serious
offenses), and neither constitutes a crime or is identified as
administrative in § 3314.

Thus, both offenses appear equally serious.

Petitioner's allegations that he was deprived of a defense
are not supported by specific factual allegations.  Petitioner
has not shown how the change in the section violated affected his
rights in the disciplinary proceeding.  Petitioner has thus
failed to show that the procedure followed by the disciplinary
authorities was prejudicial.  In the absence of controlling
authority, the Court notes that several courts have concluded
that to establish a denial of due process of law, prejudice is
generally required.  See, Brecht v. Abrahamson, 507 U.S. 619, 637
(1993); see also Tien v. Sisto, Civ. No. 2:07-cv-02436-VAP (HC),
2010 WL 1236308, at *4 (E.D.Cal. Mar. 26, 2010) ("While neither
the United States Supreme Court or the Ninth Circuit Court of
Appeals has spoken on the issue, numerous federal Courts of
Appeals, as well as courts in this district, have held that a
prisoner must show prejudice to state a habeas claim based on an
alleged due process violation in a disciplinary proceeding.")
(citing Pilgrim v. Luther, 571 F.3d 201, 206 (2d Cir. 2009);
Howard v. United States Bureau of Prisons, 487 F.3d 808, 813
(10th Cir. 2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir.
2003); Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992); Poon v.
Carey, No. Civ. S-05-0801 JAM EFB P, 2008 WL 5381964, at *5

1   (E.D.Cal. Dec. 22, 2008); <u>Gonzalez v. Clark</u>, No. 1:07-CV-0220 AWI

2   JMD HC, 2008 WL 4601495, at *4 (E.D.Cal. Oct. 15, 2008)).

3       Here, Petitioner has not shown how his ability to present a

4   defense was impaired or affected.  Because Petitioner has not

5   alleged specific facts reflecting that the change in the specific

6   offense had a prejudicial effect on his ability to present a

7   defense, Petitioner has not alleged a due process claim

8   warranting relief.

9       In summary, the record reflects that Petitioner received

10  timely notice of the factual basis for the charge sufficient to

11  marshal the facts and clarify the charges.  Petitioner received a

12  written statement by the fact finders as to the evidence relied

13  on and reasons for the disciplinary action.  Further, he had an

14  opportunity to call witnesses and present documentary evidence in

15  his defense, and he was given the assistance of an investigating

16  employee.

17      A petition for habeas corpus should not be dismissed without

18  leave to amend unless it appears that no tenable claim for relief

19  can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440

20  F.2d 13, 14 (9th Cir. 1971).  Here, in view of the safeguards

21  afforded Petitioner in connection with the hearing, and

22  considering Petitioner's admission that he had engaged in the

23  proscribed conduct, it does not appear that it would be possible

24  for Petitioner to state a tenable due process claim if leave to

25  amend were granted.

26      Accordingly, insofar as Petitioner predicated his due

27  process claim on the absence of notice and associated procedural

28  safeguards, it will be recommended that the petition be dismissed

13

without leave to amend.

C. <u>Whether Some Evidence Supported the Findings</u>

Petitioner argues that the finding of unsuitability was not supported by some evidence.

In determining whether some evidence of the violation supported the finding, the Court does not make its own assessment of the credibility of witnesses or re-weigh the evidence; however, the Court must ascertain that the evidence has some indicia of reliability and, even if meager, "not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." <u>Cato v. Rushen</u>, 824 F.2d 703, 704-05 (9th Cir. 1987) (quoting <u>Superintendent v. Hill</u>, 472 U.S. 445, 457 (1985)).  In <u>Cato v. Rushen</u>, 824 F.2d at 705, the Court found that the <u>Hill</u> standard was not satisfied where the only evidence implicating the inmate was another inmate's statement that was related to prison officials through a confidential informant who had no first-hand knowledge of any relevant statements or actions by the inmate being disciplined and whose polygraph results were inconclusive.  In contrast, evidence evaluated and found to constitute "some evidence" supportive of various findings includes the report of a prison guard who saw several inmates fleeing an area after an assault on another inmate when no other inmates were in the area, <u>Superintendent v. Hill</u>, 472 U.S. 456-57; the statement of a guard that the inmate had admitted a theft to supplement his income, coupled with corroborating evidence, <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270 (9th Cir. 1989); an inmate's admission and corroborating, circumstantial evidence, <u>Crane v. Evans</u>, 2009 WL 148273 (N.D.Cal.

14

1  Feb. 2, 2009), *3; and an inmate's admission of having engaged in
2  the violation plus an officer's report of having heard a
3  recording of the offending conversation, <u>Dawson v. Norwood</u>, 2010
4  WL 761226, *1 (C.D.Cal. March 1, 2010).

5      Here, the violation was supported by Petitioner's undisputed
6  admission that he was involved in an unduly familiar relationship
7  with a staff member.  Further, Petitioner's guilty plea and
8  failure to request witnesses, make a statement in his defense, or
9  present any other evidence was consistent with, and corroborated,
10 his admission.

11     The Court concludes that the finding of the disciplinary
12 authorities was supported by some evidence.  Thus, Petitioner has
13 not stated a due process claim that would entitle him to relief.

14     Further, in light of the fact that the documentary record of
15 the disciplinary proceedings is undisputed, Petitioner could not
16 state a tenable due process claim if leave to amend were granted.

17     Accordingly, it will be recommended that Petitioner's due
18 process claim predicated upon the absence of some evidence to
19 support the finding be dismissed without leave to amend.

20          D.   <u>State Law</u>

21     Petitioner alleges that under state regulations, he was
22 entitled to a new rules violation report and hearing when the
23 charge was changed.

24     Federal habeas relief is available to state prisoners only
25 to correct violations of the United States Constitution, federal
26 laws, or treaties of the United States.  28 U.S.C. § 2254(a).
27 Federal habeas relief is not available to retry a state issue
28 that does not rise to the level of a federal constitutional

1  violation.  <u>Wilson v. Corcoran</u>, 562 U.S. — , 131 S.Ct. 13, 16

2  (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  Alleged

3  errors in the application of state law are not cognizable in

4  federal habeas corpus.  <u>Souch v. Schiavo</u>, 289 F.3d 616, 623 (9th

5  Cir. 2002) (an ex post facto claim challenging state court's

6  discretionary decision concerning application of state sentencing

7  law presented only state law issues and was not cognizable in a

8  proceeding pursuant to 28 U.S.C. § 2254); <u>Langford v. Day</u>, 110

9  F.3d 1380, 1389 (9th Cir. 1996).

10      Thus, to the extent that Petitioner's due process claim

11  relies on state law, it should be dismissed without leave to

12  amend.

13          E.  <u>State Court Decisions</u>

14      Because Petitioner has not established a violation by the

15  prison authorities of his rights under the Fourteenth Amendment,

16  the decisions of the state courts upholding the prison's decision

17  could not have resulted in either 1) a decision that was contrary

18  to, or involved an unreasonable application of, clearly

19  established federal law, as determined by the Supreme Court of

20  the United States; or 2) a decision that was based on an

21  unreasonable determination of the facts in light of the evidence

22  presented in the state court proceedings.  Thus, Petitioner has

23  failed to state facts concerning the state court decisions that

24  would entitle him to relief. <u>See</u>, 28 U.S.C. § 2254(d).

25      Therefore, Petitioner's due process claim with respect to

26  the state court decisions should likewise be dismissed without

27  leave to amend.

28  ///

1    IV.   <u>Certificate of Appealability</u>

2          Unless a circuit justice or judge issues a certificate of

3    appealability, an appeal may not be taken to the Court of Appeals

4    from the final order in a habeas proceeding in which the

5    detention complained of arises out of process issued by a state

6    court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

7    U.S. 322, 336 (2003).  A certificate of appealability may issue

8    only if the applicant makes a substantial showing of the denial

9    of a constitutional right.  § 2253(c)(2).  Under this standard, a

10   petitioner must show that reasonable jurists could debate whether

11   the petition should have been resolved in a different manner or

12   that the issues presented were adequate to deserve encouragement

13   to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

14   (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

15   certificate should issue if the Petitioner shows that jurists of

16   reason would find it debatable whether the petition states a

17   valid claim of the denial of a constitutional right and that

18   jurists of reason would find it debatable whether the district

19   court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

20   529 U.S. 473, 483-84 (2000).

21         In determining this issue, a court conducts an overview of

22   the claims in the habeas petition, generally assesses their

23   merits, and determines whether the resolution was debatable among

24   jurists of reason or wrong.  <u>Id.</u>  It is necessary for an

25   applicant to show more than an absence of frivolity or the

26   existence of mere good faith; however, it is not necessary for an

27   applicant to show that the appeal will succeed.  <u>Miller-El v.</u>

28   <u>Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

V.   Recommendations

In summary, Petitioner has failed to allege specific facts showing a violation of his right to due process of law guaranteed by the Fourteenth Amendment that would entitle him to habeas relief.  Further, because it does not appear that Petitioner could state a tenable due process claim, it will be recommended that the Respondent's motion to dismiss the petition be granted, and the petition be dismissed without leave to amend.

Accordingly, it is RECOMMENDED that:

1)   Respondent's motion to dismiss the petition be GRANTED; and

2)   The petition be DISMISSED without leave to amend for failure to state facts entitling the petitioner to habeas corpus relief; and

3)   The Court DECLINE to issue a certificate of appealability; and

4)   The Clerk be DIRECTED to close the action because an order of dismissal would terminate the proceeding.

These findings and recommendations are submitted to the

18

United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    June 24, 2011**                          **/s/ Sandra M. Snyder**
                                  UNITED STATES MAGISTRATE JUDGE